## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

ERIC FINCKE

VERSUS                                                                 CIVIL ACTION NO.:_____

ARAMARK FOOD SERVICE CORPORATION,
TRANSOCEAN OFFSHORE VENTURES INC.
AND TRANSOCEAN USA INC.
**************************************************************************

## SEAMAN'S COMPLAINT FOR DAMAGES

The complaint of Eric Fincke, a person of the full age of majority, domiciled in Lafayette Parish, Louisiana, respectfully represents:

I.

This Honorable Court has jurisdiction over this matter pursuant to 46 U.S.C. § 688, the Jones Act and the General Maritime Law of the United States.

II.

As an American Seaman, Plaintiff, Eric Fincke, is entitled to prosecute this claim for damages without prepayment of fees and costs or furnishing security thereof pursuant to 28 U.S.C. § 16.

III.

Made defendants herein are:

A. Aramark Food Service Corporation, a foreign corporation authorized to do and doing business in the State of Louisiana, whose agent for service of process is C T Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, Louisiana 70808;

B. Transocean Offshore USA Inc., a foreign corporation authorized to do and doing business in the State of Louisiana, whose agent for service of process is Capitol Corporate Services, Inc., 8550 United Plaza Building II, Suite 305, Baton Rouge, Louisiana 70809; and

C. Transocean Offshore Ventures Inc., a foreign corporation authorized to do and doing business in the State of Louisiana, whose agent for service of process is Capitol Corporate Services, Inc., 8550 United Plaza Building II, Suite 305, Baton Rouge, Louisiana 70809.

IV.

On or about July 14, 2011, Plaintiff, Eric Fincke was an employee of Aramark and working aboard a semi-submersible vessel, the Developmental Driver I (DDI) which vessel, at that time, was located in the navigable waters of the Gulf of Mexico off the coast of Louisiana.

V.

At all times pertinent herein, including July 14, 2011, the DDI was owned and/or operated and/or owned *pro hac vice* by Transocean Offshore USA Inc. and/or Transocean Offshore Ventures Inc.

VI.

On or about July 14, 2011, Eric Fincke was a seaman and a member of the crew of the DDI, having a substantial employment connection to said vessel and contributing to its function and mission.

VII.

On or about July 14, 2011, while Plaintiff was performing his duties as a chef manager aboard the DDI, and preparing a turkey stock for the next days meal, he was distracted by another member of the crew and the camp boss.

VIII.

The distraction was the result of rushed working conditions on the date in question wherein Transocean mandated an inspection process that created an unsafe working environment for Plaintiff and other crew members assigned to perform cooking duties aboard the DDI.

IV.

Transocean further contributed to an unsafe working environment when Transocean executives demanded specially prepared food resulting in unnecessary distractions and unreasonable working conditions that ultimately contributed to Plaintiff's injuries.

V.

While performing his duties, Plaintiff placed a large pot of hot turkey stock on the deck of the vessel. Prior to Plaintiff's completion of that task, he was distracted by other crew members and by the unreasonable demands placed on the crew by Transocean executives, causing Plaintiff to trip over the pot containing the stock and ultimately resulting in bilateral lower extremity second and third degree burns.

VI.

Plaintiff alleges that the accident that occurred on July 14, 2011 was caused or contributed to by the fault, negligence and carelessness of Aramark and Transocean through their employees and the crew of the DDI for which Defendants are legally responsible.

VII.

Plaintiff further alleges that the aforedescribed accident was caused legally and proximately by the negligence of the Defendants, Aramark and/or Transocean, through their agents, employees, servants and crew members and by the unsafe and unreasonably dangerous working conditions aboard the DDI, in the following nonexclusive particulars:

    A.    Failing to provide a safe work place for Plaintiff;

    B.    Creating a distraction in Plaintiff's work area, resulting in substantial injury to Plaintiff;

    C.    Creating unsafe working conditions;

D.  Failing to provide an adequate complement of employees to perform the job duties required of Plaintiff;

E.  Creating a hazardous work environment by requiring special treatment and preparations for Transocean executives;

F.  Failing to properly treat Plaintiff's wounds following the accident;

G.  Failing to transport Plaintiff to a certified burn unit; and

H.  By such other acts of omission and commission as may be proven at the trial of this matter.

## VIII.

The conduct of Defendants herein entitle Plaintiff to recover from Defendants, in solido, damages caused by their conduct which damages are listed more particularly, but not exclusively, as follows:

A.  Physical injury, pain and suffering;

B.  Extreme fright, mental injury, mental anguish and distress following the accident;

C.  Loss of earnings and earning capacity;

D.  Permanent disability;

E.  Permanent scarring;

F.  All appropriate general and equitable relief;

G.  Prejudgment interest of all sums awarded from date of loss until judgment;

H.  Post-judgment interest on all sums awarded from date of judgment until paid; and

I.  All court costs and litigation costs allowed by law.

WHEREFORE, Plaintiff, Eric Fincke, prays that after due proceedings are had, and the expiration of legal delays herein:

a. That there be judgment for damages rendered herein in favor of Plaintiff, Eric Fincke, and against the Defendants, Aramark Food Service Corporation, Transocean Offshore Ventures Inc. and/or Transocean Offshore USA Inc., jointly and in solido, in an amount to be determined by the court, together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings;

b. That Plaintiff, Eric Fincke, be allowed to proceed in this matter without prepayment of costs as an American Seaman; and

c. That Plaintiff be awarded all additional, general and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

PORTER & GUIDRY, LLC
100 Rue Iberville, Suite 100
Lafayette, LA 70508
(337) 289-0626

By: *s/Aaron W. Guidry*
AARON W. GUIDRY (21632)
Attorney for Plaintiff, Eric Fincke

CERTIFICATE

I HEREBY CERTIFY that on the 10th day of July, 2012, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. A notice of lawsuit and request to waive service of a summons has been forwarded to the defendants through their agents for service of process, Capitol Corporate Services, Inc. and C T Corporation System. Upon receipt of a signed waiver, the waiver of service will be filed with the court. If the defendants refuse to sign the waiver of service of summons undersigned will request summons be issued to perfect service pursuant to F.R.C.P. Rule 4.

*s/Aaron W. Guidry*
AARON W. GUIDRY (21632)